GREGORY A. BEDELL (admitted *pro hac vice*)
**KNABE & BEDELL**
33 North Dearborn Street, 10th Floor
Chicago, Illinois 60602
gbedell@kkbchicago.com
Telephone: (312) 977-9119
Facsimile: (312) 977-9009

MICHAEL J. LARIN (SBN 77116)
**LYNBERG & WATKINS**
1150 S. Olive Street, Suite 1800
Los Angeles, California 90015
mlarin@lynberg.com
jsoriano@lynberg.com
Telephone: (213) 624-8700
Facsimile: (213) 892-2763

Attorneys for Plaintiff, EVANGER'S DOG AND CAT FOOD COMPANY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGER'S DOG AND CAT FOOD CO, INC., an Illinois corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ENVIRONMENTAL DEMOCRACY PROJECT, a California not-for-profit corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. 2:21-CV-08489 RSWL (ASx)<br>(Assigned to District Judge: The Hon. Ronald S.W. LEW – Courtroom *to be Noticed*)<br><br>(Assigned to Magistrate Judge: The Hon. Alka Sagar – Courtroom 540)<br><br>**PROTECTIVE ORDER**<br><br>*Complaint filed: 10/26/2021*<br>*Trial Date:       11/15/2022* |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

     Discovery in this action is likely to involve production of confidential

proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may

be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party

B.      GOOD CAUSE STATEMENT

This action is likely to involve proprietary product formulations, recipes and other information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential materials and information consist of, among other things, sensitive commercial information and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause why it

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1  should not be part of the public record of this case.

2  2.　　DEFINITIONS

3  　　2.1　Action:  Evanger's Dog and Cat Food Co., Inc. v. Environmental

4  　　　　Democracy Project, Case No. 2:21-CV-08489 RSWL (ASx); related

5  　　　　action: Environmental Democracy Project v. Evanger's Dog and Cat

6  　　　　Food Co., Case No. 21CV001402

7  　　2.2　Challenging Party:  a Party or Non-Party that challenges the

8  　　　　designation of information or items under this Order.

9  　　2.3　"CONFIDENTIAL" Information or Items:  information (regardless of

10  　　　　how it is generated, stored or maintained) or tangible things that qualify

11  　　　　for protection under all applicable California laws, and as specified

12  　　　　above in the Good Cause Statement.

13  　　2.4　"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14  　　　　Information or Items:  extremely sensitive "CONFIDENTIAL"

15  　　　　Information or Items, the disclosure of which to another Party or Non-

16  　　　　Party would create a substantial risk of serious harm that could not be

17  　　　　avoided by less restrictive means.

18  　　2.5　Counsel:  Outside Counsel of Record and House Counsel (as well as

19  　　　　their support staff).

20  　　2.6　Designating Party:  a Party or Non-Party that designates information or

21  　　　　items that it produces in disclosures or in responses to discovery as

22  　　　　"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23  　　　　EYES ONLY."

24  　　2.7　Disclosure or Discovery Material:  all items or information, regardless

25  　　　　of the medium or manner in which it is generated, stored, or maintained

26  　　　　(including, among other things, testimony, transcripts and tangible

27  　　　　things), that are produced or generated in disclosures or responses to

28

**3**
**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1    discovery in this matter.

2    2.8   Expert:  a person with specialized knowledge or experience in a matter

3          pertinent to the litigation who has been retained by a Party or its

4          counsel to serve as an expert witness or as a consultant in this action.

5    2.9   House Counsel:  attorneys who are employees or a party to this Action.

6          House Counsel does not include Outside Counsel of Record or any

7          other outside counsel.

8    2.10  Non-Party:  any natural person, partnership, corporation, association, or

9          other legal entity not named as a Party to this Action.

10   2.11  Outside Counsel of Record:  attorneys who are not employees of a

11         party to this Action but are retained to represent or advise a party to this

12         Action and have appeared in this Action on behalf of that party or are

13         affiliated with a law firm which has appeared on behalf of that party,

14         and includes support staff.

15   2.12  Party:  any party to this Action, including all officers, directors,

16         employees, consultants, retained experts, and Outside Counsel of

17         Record (and their support staffs).

18   2.13  Producing Party:  a Party or Non-Party that produces Disclosure or

19         Discovery Material in this Action.

20   2.14  Professional Vendors:  persons or entities that provide litigation

21         support services (e.g., photocopying, videotaping, translating, preparing

22         exhibits or demonstrations, and organizing, storing, or retrieving data in

23         any form or medium) and their employees and subcontractors.

24   2.15  Protected Material:  any Disclosure or Discovery material that is

25         designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

26         ATTORNEYS' EYES ONLY."

27   2.16  Receiving Party:  a Party that receives Disclosure or Discovery

28

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1    Material from a Producing Party.

2    3.    <u>SCOPE</u>

3         The protections conferred by this Stipulation and Order cover not only

4    Protected Material (as defined above), but also (1) any information copied or

5    extracted from Protected Material; (2) all copies, excerpts, summaries, or

6    compilations of Protected Material; and (3) any testimony, conversations, or

7    presentations by Parties or their Counsel that might revel Protected Material.

8         Any use of Protected Material at trial shall be governed by the orders of the

9    trial judge.  This Order does not govern the use of Protected Material at trial.

10   4.    <u>DURATION</u>

11        Even after final disposition of this litigation, the confidentiality obligations

12   imposed by this Order shall remain in effect until a Designating Party agrees

13   otherwise in writing or a court order otherwise directs.  Final disposition shall be

14   deemed to be the later of (1) dismissal of all claims and defenses in this Action, with

15   or without prejudice; and (2) final judgment herein after the completion and

16   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

17   including the time limits for filing any motions or applications for extension of time

18   pursuant to applicable law.

19   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

20        5.1    Exercise of Restraint and Care in Designating Material for Protection.

21   Each Party or Non-Party that designates information or items for protection under

22   this Order must take care to limit any such designation to specific material that

23   qualifies under the appropriate standards.  The Designating Party must designate for

24   protection only those parts of material, documents, items, or oral or written

25   communications that qualify so that other portions of the material, documents,

26   items, or communications for which protection is not warranted are not swept

27   unjustifiably within the ambit of this Order.

28

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1  Mass, indiscriminate, or routinized designations are prohibited.  Designations
2  that are shown to be clearly unjustified or that have been made for an improper
3  purpose (e.g., to unnecessarily encumber the case development process or to impose
4  unnecessary expenses and burdens on other parties) may expose the Designating
5  Party to sanctions.

6  If it comes to a Designating Party's attention that information or items that it
7  designated for protection do not qualify for protection, that Designating Party must
8  promptly notify all other Parties that it is withdrawing the inapplicable designation.

9  5.2  <u>Manner and Timing of Designations</u>.   Except as otherwise provided in
10  this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise
11  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
12  under this Order must be clearly so designated before the material is disclosed or
13  produced.

14  Designation in conformity with this Order requires:

15  (a)  for information in documentary form (e.g., paper or electronic documents,
16  but excluding transcripts of depositions or other pretrial or trial proceedings),
17  that the Producing Party affix at a minimum, the legend "CONFIDENTIAL"
18  or "HIGHLY CONFIDENTIAL", to each page that contains protected
19  material.  If only a portion or portions of the material on a page qualifies for
20  protection, the Producing Party also must clearly identify the protected
21  portion(s) (e.g., by making appropriate markings in the margins).

22  A Party or Non-Party that makes original documents available for inspection
23  need not designate them for protection until after the inspecting Party has indicated
24  which documents it would like copied and produced. During the inspection and
25  before the designation, all of the material made available for inspection shall be
26  deemed "CONFIDENTIAL." After the inspecting Party has identified the
27  documents it wants copied and produced, the Producing Party must determine which
28

documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer.  The Challenging Party shall initiate the informal dispute resolution process set forth in the Court's Procedures and

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

1    Schedules. see http://www.cacd.uscourts.gov/honorable-alka-sagar

2    6.3    The burden of persuasion in any such challenge proceeding shall be on

3           the Designating Party.  Frivolous challenges, and those made for an

4           improper purpose (e.g., to harass or impose unnecessary expenses and

5           burdens on other parties) may expose the Challenging Party to

6           sanctions.  Unless the Designating Party has waived or withdrawn the

7           confidentiality designation, all parties shall continue to afford the

8           material in question the level of protection to which it is entitled under

9           the Producing Party's designation until the Court rules on the

10          challenge.

11   7.    ACCESS TO AND USE OF PROTECTED MATERIAL

12   7.1    Basic Principles.  A Receiving Party may use Protected Material that is

13          disclosed or produced by another Party or by a Non-Party in connection

14          with this Action only for prosecuting, defending, or attempting to settle

15          this Action.  Such Protected Material may be disclosed only to the

16          categories or persons and under the conditions described in this Order.

17          When the Action has been terminated, a Receiving Party must comply

18          with the provisions of section 13 below (FINAL DISPOSITION).

19          Protected Material must be stored and maintained by a Receiving Party

20          at a location in a secure manner that ensures that access is limited to the

21          persons authorized under this Order.

22   7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

23          otherwise ordered by the court or permitted in writing by the

24          Designating Party, a Receiving Party may disclose any information or

25          item designated "CONFIDENTIAL" only to:

26   (a)    The Receiving Party's Outside Counsel of Record in this Action, as

27   well as employees of said Outside Counsel of Record to whom it is reasonably

28

1  necessary to disclose the information for this Action;

2      (b)    The officers, directors, and employees (including House Counsel) of
3  the Receiving Party to whom disclosure is reasonably necessary for this Action;

4      (c)    Experts (as defined in this Order) of the Receiving Party to whom
5  disclosure is reasonably necessary for this Action and who have signed the
6  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7      (d)    The court and its personnel;

8      (e)    Court reporters and their staff;

9      (f)    Professional jury or trial consultants, mock jurors, and Professional
10  Vendors to whom disclosure is reasonably necessary for this Action and who have
11  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12     (g)    The author or recipient of  document containing the information or a
13  custodian or other person who otherwise possessed or knew the information;

14     (h)    During their depositions, witnesses, and attorneys for witnesses, in the
15  Action to whom disclosure is reasonably necessary provided: (1) the deposing party
16  requests that the witness and his or her attorney sign the "Acknowledgment and
17  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating
18  Party or ordered by the court. Pages of transcribed deposition testimony or exhibits
19  to depositions that reveal Protected Material may be separately bound by the court
20  reporter and may not be disclosed to anyone except as permitted under this
21  Stipulated Protective Order; and

22     (i)    Any mediator or settlement officer, and their supporting personnel,
23  mutually agreed upon by any of the parties engaged in settlement discussions.

24  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
25        IN OTHER LITIGATION

26     If a Party is served with a subpoena or a court order issued in other litigation
27  that compels disclosure of any information or items designated in this Action as

28

1   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
2   ONLY," that Party must:

3        (a)  promptly notify in writing the Designating Party.  Such notification shall
4   include a copy of the subpoena or court order;

5        (b)  promptly notify in writing the party who caused the subpoena or order to
6   issue in the other litigation that some or all of the material covered by the subpoena
7   or order is subject to this Protective Order.  Such notification shall include a copy of
8   this Stipulated Protective Order; and

9        (c)  cooperate with respect to all reasonable procedures sought to be pursued
10  by the Designating Party whose Protected Material may be affected.

11       If the Designating Party timely seeks a protective Order, the Party served with
12  the subpoena or court order shall not produce any information designated in this
13  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'
14  EYES ONLY," before a determination by the court from which the subpoena or
15  order issued, unless the Party has obtained the Designating Party's permission.  The
16  Designating Party shall bear the burden and expense of seeking protection in that
17  court of its confidential material and nothing in these provisions should be construed
18  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful
19  directive from another court.

20  9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
21         PRODUCED IN THIS LITIGATION

22       (a)  The terms of this Order are applicable to information produced by a Non-
23  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
24  CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by
25  Non-Parties in connection with this litigation is protected by the remedies and relief
26  provided by this Order.  Nothing in these provisions should be construed as
27  prohibiting a Non-Party from seeking additional protections.

28

1    (b)  In the event that a Party is required, by a valid discovery request, to

2   produce a Non-Party's confidential information in its possession, and the Party is

3   subject to an agreement with the Non-Party not to produce the Non-Party's

4   confidential information, then the Party shall:

5    (1)  promptly notify in writing the Requesting Party and the Non-Party

6   that some or all of the information requested is subject to a confidentiality

7   agreement with a Non-Party;

8    (2)  promptly provide the Non-Party with a copy of the Stipulated

9   Protective Order in this Action, the relevant discovery request(s), and a reasonably

10   specific description of the information requested; and

11    (3)  make the information requested available for inspection by the

12   Non-Party, if requested.

13    (c)  If the Non-Party fails to seek a protective order from this court within 14

14   days of receiving the notice and accompanying information, the Receiving Party

15   may produce the Non-Party's confidential information responsive to the discovery

16   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall

17   not produce any information in its possession or control that is subject to the

18   confidentiality agreement with the Non-Party before a determination by the court.

19   Absent a court order to the contrary, the Non-Party shall bear the burden and

20   expense of seeking protection in this court of its Protected Material.

21   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

22    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

23   Protected Material to any person or in any circumstance not authorized under this

24   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

25   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

26   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

27   persons to whom unauthorized disclosures were made of all the terms of this Order,

28

and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in F.R.Civ.P. Rule 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to `Federal Rule of Evidence` 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and with any pertinent orders of the assigned District Judge and Magistrate Judge. Protected Material may only be filed under seal pursuant to a

court order authorizing the sealing of the specific Protected Material at issue. If Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in Paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

DATED: <u>March 24, 2022</u>

_____

LUCAS WILLIAMS
JACOB JANZEN
**WILLIAMS ENVIRONMENTAL LAW**
Attorneys for Defendant, ENVIRONMENTAL
DEMOCRACY PROJECT

DATED: ___<u>March 24, 2022</u>

_____

MICHAEL J. LARIN
**LYNBERG & WATKINS**
Attorneys for Plaintiff, EVANGER'S DOG
AND CAT FOOD CO., INC.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>March 24, 2022</u>

_____<u>/ s / Sagar</u>_____

HONORABLE ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

**PROTECTIVE ORDER PURSUANT TO STIPULATION**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [type or print full address] declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 2022 in the case of Evanger's Dog and Cat Food Co., Inc. v. Environmental Democracy Project, Case No. 2:21-CV-08489 RSWL (ASx).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could l expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____, 2022

City and State where sworn and signed: _____

Printed name: _____

Signature: _____