UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGER'S DOG AND CAT FOOD COMPANY, INC., an Illinois corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>ENVIRONMENTAL DEMOCRACY PROJECT, a California not-for-profit corporation; and DOES 1-10,<br><br>          Defendants. | CV 21-08489-RSWL-ASx<br><br>**ORDER re: Defendant's Motion for Judgment on the Pleadings** [32] **and Plaintiff's Motion for Reconsideration** [46] |

     Plaintiff Evanger's Dog and Cat Food Company, Inc.
("Plaintiff") brings this Action against Defendant
Environmental Democracy Project ("Defendant"), asserting
two claims for declaratory relief.  Currently before the
Court is Defendant's Motion for Judgment on the
Pleadings [32].  Also before the Court is Plaintiff's
Motion for Reconsideration [46] of the Court's previous
order dismissing with prejudice Counts 3-6 of
Plaintiff's First Amended Complaint ("FAC").  Having

1

reviewed all papers submitted pertaining to these Motions, the Court **NOW FINDS AND RULES AS FOLLOWS**: the Court **DENIES** Plaintiff's Motion for Reconsideration and **GRANTS in part** Defendant's Motion for Judgment on the Pleadings.

## I.  BACKGROUND

**A.  <u>Factual Background</u>**

Plaintiff is a corporation that sells a line of pet food products under the brand name "OrgaNOMics" (the "Products").  First Am. Compl. ("FAC") ¶¶ 1, 6, ECF No. 13.  On April 22, 2021, Plaintiff received a letter from a law firm that purported to represent Defendant.  <u>Id.</u> ¶ 10.  The letter stated that Plaintiff's marketing and sale of the Products violated California's Organic Food and Farming Act ("COFFA")[1] because the Products are "prominently labeled as organic on their principal display panels, and are represented as being 'Organically Sourced' and 'Made with Organic Produce'" but do not contain the required 95% of certified organic ingredients.  <u>Id.</u>; FAC Ex. 1, ECF No. 13-1.  The letter also stated that Defendant intended to file a lawsuit in

---

[1] COFFA regulates products that are "sold as organic."  Cal. Health & Safety Code § 110820.  A product is "sold as organic" if the product label or advertisement uses the term "organic" or any grammatical variation of "organic."  <u>Id.</u> § 110815.  COFFA requires products that are sold as organic to consist "of products manufactured only from raw or processed agricultural products."  <u>Id.</u> § 110820.  Ingredients other than raw or processed agricultural products may be added to the product only if they do not represent more than 5% of the weight of the total finished product.  <u>Id.</u>

California to rectify the violations shortly, and it invited Plaintiff to contact Defendant to "discuss a potential settlement . . . short of litigation."  FAC Ex. 1.

On September 8, 2021, Defendant sent a letter to Chewy.com ("Chewy") stating that Chewy was selling Plaintiff's Products in violation of COFFA.  FAC ¶ 11; FAC Ex. 2, ECF No. 13-2.  The letter demanded that Chewy cease selling the Products immediately and that Defendant intended to file a lawsuit if Chewy failed to comply.  FAC ¶ 11; FAC Ex. 2.  Chewy then notified Plaintiff that it would no longer sell the Products and would refuse to do so until Defendant's objections were resolved.  FAC ¶ 12.

After receiving this notice from Chewy, Plaintiff sent an email to Defendant requesting that Defendant contact Chewy and withdraw its threat of litigation. Id. ¶ 28; FAC Ex. 3, ECF No. 13-3.  Defendant failed to comply with Plaintiff's request, and Plaintiff filed the instant suit on October 26, 2021, seeking two forms of declaratory relief: (1) declaratory judgment that the Products do not violate COFFA; and (2) to the extent the Products violate COFFA, declaratory judgment that this application of COFFA violates the First Amendment.  FAC ¶¶ 14-22, Prayer for Relief ¶¶ 1-2.

On November 1, 2021, Defendant filed a lawsuit against Plaintiff in the Superior Court of California, County of Alameda, alleging a single cause of action to

1  enjoin Plaintiff from selling the Products in violation
2  of COFFA (the "State Case").  See Req. for Judicial
3  Notice in Supp. of Mot. to Dismiss Ex. 1, ECF No. 19-1
4  ("State Court Compl.").  Plaintiff then removed that
5  suit to the United States District Court for the
6  Northern District of California on November 24, 2021.
7  Id.  On January 21, 2022, the Northern District of
8  California remanded the State Case back to Alameda
9  County Superior Court for lack of Article III standing.
10 Env't Democracy Project v. Evanger's Dog & Cat Food Co.,
11 Inc., No. 4:21-cv-09139, ECF No. 22 ("Remand Order").
12 **B.  Procedural Background**

13     Plaintiff initiated this Action [1] against
14 Defendant on October 26, 2021, alleging two claims for
15 declaratory relief.  On November 23, 2021, Plaintiff
16 filed its FAC [13], which added four tort causes of
17 action against Defendant.  On January 20, 2022, the
18 Court issued an Order [28] dismissing those four new
19 causes of action as barred under the Noerr-Pennington
20 doctrine.

21     Defendant filed its Motion for Judgment on the
22 Pleadings [32] on February 8, 2022.  Plaintiff filed its
23 Opposition [37] on March 1, 2022.  Defendant replied
24 [41] on March 22, 2022.

25     Plaintiff filed its Motion for Reconsideration [46]
26 on April 8, 2022.  Defendant filed its Opposition [49]
27 on April 19, 2022.  Plaintiff replied [52] on April 26,
28 2022.

# II.   DISCUSSION

## A.   Legal Standard

### 1.   Motion for Reconsideration

Rule 60(b) of the Federal Rules of Civil Procedure permits courts to relieve a party from an order where, as relevant here, new evidence is discovered that could not have been discovered earlier with reasonable diligence.  Relief from judgment due to newly discovered evidence is warranted only if the new evidence "would have been likely to change the disposition of the case." Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987)).  Such a motion must not "in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."  C.D. Cal. L.R. 7-18.

A motion under Rule 60(b) must be made within a reasonable time.  Fed. R. Civ. P. 60(c)(1).  Under Local Rule 7-18, however, a motion for reconsideration must be filed no later than fourteen days after entry of the relevant order, absent a showing of good cause.  C.D. Cal. L.R. 7-18.

### 2.   Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure states that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  A motion for judgment on

the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim, meaning the same pleading standards apply.  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).  Rule 12(c) motions are the proper vehicle for seeking dismissal based on abstention principles.  See, e.g., Curry v. Baca, No. CV 04-09992 FMC, 2005 WL 8157004, at *1 (C.D. Cal. Feb. 10, 2005).

**B.   Analysis**

    1.   Motion for Reconsideration [46]

    Plaintiff seeks reconsideration of this Court's prior Order dismissing its tort claims with prejudice pursuant to the Noerr-Pennington doctrine.  See generally Pl.'s Mot. for Reconsideration, ECF No. 46. Plaintiff asserts that reconsideration is warranted because it discovered new evidence supporting its theory that the sham litigation exception to the Noerr-Pennington doctrine should apply.  Id. at 3:12-17. Plaintiff therefore asks the Court to grant it leave to amend its tort claims, even though Plaintiff currently has no plans of pleading any tort claims against Defendant.  Pl.'s Reply in Supp. of Mot. for Reconsideration at 6:20-7:4, ECF No. 52.  The Court finds that Plaintiff's Motion is untimely, and good cause for the delay is lacking.  The Court additionally finds that Plaintiff's Motion fails on the merits.  The Motion is therefore **DENIED.**

///

1          a.  <u>Timeliness</u>

2          Local Rule 7-18 requires a party moving for

3   reconsideration to file the motion no later than

4   fourteen days after entry of the relevant order.  C.D.

5   Cal. L.R. 7-18.  A party who files a motion beyond this

6   deadline must establish good cause for the delay.  <u>Id.</u>

7   The good cause standard focuses primarily on the

8   diligence of the party in filing the untimely motion.

9   <u>Orgain, Inc. v. Northern Innovations Holding Corp.</u>, No.

10  8:18-cv-01253-JLS-ADS, 2021 WL 6103528, at *3 (C.D. Cal.

11  Sept. 29, 2021).

12         This Court entered its Order dismissing Plaintiff's

13  tort claims on January 20, 2022.  <u>See</u> Order re: Def.'s

14  Mot. to Dismiss, ECF No. 28.  Plaintiff filed the

15  instant Motion on April 8, 2022, well outside of the

16  fourteen-day deadline.  Plaintiff argues that this

17  deadline should not apply here because Plaintiff did not

18  discover the grounds for its motion until Defendant

19  tendered its responses to Plaintiff's discovery requests

20  on February 23, 2022.  Reply 3:4-14.  Even so, Plaintiff

21  fails to account for its over five-week delay in filing

22  this Motion once it discovered the evidence that serves

23  as the grounds for this Motion.  This delay is

24  particularly troublesome given that Plaintiff's Motion

25  makes largely the same legal argument as made in

26  Plaintiff's opposition to Defendant's Motion to Dismiss.

27  <u>See</u> Pl.'s Opp'n to Def.'s Mot. to Dismiss 12:16-17:3,

28  ECF No. 22; <u>see also</u> <u>Holmes v. Harris</u>, No. CV 18-3739

1  PSG (Ex), 2021 WL 2272395, at *4 (C.D. Cal. May 19,
2  2021) (denying a motion to reconsider as untimely where
3  moving party failed "to explain why it took over a month
4  to submit a motion rehashing their previous arguments").

5      In sum, Plaintiff failed to file its Motion within
6  the time frame provided under Local Rule 7-18 and has
7  failed to establish good cause for its delay.  The
8  Motion is therefore **DENIED** on this basis.

9          b.  Merits of Newly Discovered Evidence
10      To establish that threatened litigation is a "sham"
11  such that it is not entitled to First Amendment
12  protections provided by the Noerr-Pennington doctrine, a
13  party must show that: (1) the threatened lawsuit is
14  objectively baseless; and (2) the petitioning party's
15  motive was unlawful.  Sosa v. DIRECTV, Inc., 437 F.3d
16  923, 938 (9th Cir. 2006).  A party seeking to establish
17  this sham litigation exception faces a heightened
18  pleading standard and must specify "exactly what
19  representations [the petitioning party] made, [and] to
20  whom; with whom [it] conspired; [and] what exactly its
21  'improper and/or unlawful' methods of advocacy were."
22  Kottle v. Nw. Kidney Ctrs., 146 F.3d 1056, 1063 (9th
23  Cir. 1998).

24      Plaintiff argues that Defendant's discovery
25  responses in the State Case prove that Defendant
26  conducted no investigation of Plaintiff's Products prior
27  to threatening Plaintiff with litigation, and therefore
28  Defendant's threatened litigation was objectively

baseless because it was based on "nothing more than [Defendant's] guess."  Pl.'s Mot. for Reconsideration 6:15-16, ECF No. 46.  But Defendant's failure to test the contents of the Products itself does not mean that Defendant had no reasonable basis for its belief about Plaintiff's noncompliance with COFFA.  As Plaintiff itself acknowledges, Defendant's discovery responses indicate that it relied on the Product's ingredient statements and the order of ingredients listed to determine that the Products more likely than not contained less than the required percentages of organic ingredients.  See Mot. for Reconsideration 6:2-15. Plaintiff fails to explain why this rationale is unreasonable.  See EcoDisc Tech. AG v. DVD Format/Logo Licensing Corp., 711 F. Supp. 2d 1074, 1084 (C.D. Cal. 2010) (declining to apply the sham litigation exception where there was no reason to believe that threatened claims were unreasonable).

In any event, leave to amend would be inappropriate here because Plaintiff cannot establish that Defendant had an unlawful motive for its petitioning activity. Plaintiff has itself admitted that Defendant's purpose for its petitioning activity was ostensibly to "rectify violations of certain governmental regulations."  See FAC ¶ 10.  Plaintiff points to no additional facts it could plead to establish Defendant's unlawful motive. Rather, Plaintiff states that the lack of such facts is irrelevant because Plaintiff only seeks the opportunity

1  to amend its complaint in case it one day discovers
2  facts to support its sham litigation theory.  Reply
3  6:16-19; Mot. 8:12-15.  Leave to amend is not warranted
4  on such a basis.  See Nat'l Funding, Inc. v. Com. Credit
5  Counseling Servs., Inc., 817 F. App'x 380, 385 (9th Cir.
6  2020) (affirming district court's denial of leave to
7  amend where plaintiff "failed to delineate any
8  additional facts it would add in support of [its] claim
9  to cure [the] deficiencies").  Plaintiff has therefore
10 failed to show that it could meet the heightened
11 pleading standard required for the sham litigation
12 exception, and amendment of this claim would be futile.

13     Plaintiff fails to present any newly discovered
14 evidence that would have changed the Court's conclusion
15 as to the application of the Noerr-Pennington doctrine
16 to Plaintiff's tort claims.  Relief from the Court's
17 prior Order under Rule 60(b) is therefore inappropriate.
18 Feature Realty, 331 F.3d at 1093.  Plaintiff's Motion is
19 **DENIED**.

20     2.  Motion for Judgment on the Pleadings [32]
21     Defendant moves for judgment on the pleadings,
22 arguing that the Court should either dismiss or stay
23 this Action under the Declaratory Judgment Act, the
24 Anti-Injunction Act, the Younger abstention doctrine, or
25 the Pullman abstention doctrine.  See generally Def.'s
26 Mot. for J. on the Pleadings, ECF No. 32.  The Court
27 will exercise its discretion to stay this Action under
28 the Declaratory Judgment Act.  Because this conclusion

is dispositive of Defendant's Motion, the Court need not address the parties' arguments as to other abstention principles.

The Declaratory Judgment Act provides that federal courts "*may* declare the rights and other legal relations of any interested party seeking such [a] declaration." 28 U.S.C. § 2201(a) (emphasis added).  In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), the Supreme Court has held that the permissive language of the Act gives district courts discretion to stay a federal declaratory judgment action when "the questions in controversy . . . can better be settled in" a pending state proceeding.  Id. at 495.  Thus, while federal courts ordinarily have a "virtually unflagging obligation" to exercise jurisdiction where it exists, see Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813, 817 (1976), this principle "yields to considerations of practicality and wise judicial administration" in the declaratory judgment context, see Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

Brillhart established three factors that courts should consider when determining whether to entertain a declaratory judgment action: (1) avoiding "needless determination of state law issues"; (2) discouraging "forum shopping"; and (3) avoiding "duplicative litigation."[2]  Gov't Emps. Ins. Co. v. Dizol, 133 F.3d

---

[2] Additional considerations include "whether the declaratory

1  1220, 1225 (9th Cir. 1998).

2          a.  *Brillhart* Factors

3      Here, all three Brillhart factors weigh in favor of

4  staying this Action.  Staying this Action will allow

5  California state courts to address novel issues of

6  California law presented by the parties and will avoid

7  duplicative litigation of those issues.  The Court will

8  address each factor in turn.

9              i.  Needless Interpretation of State Law

10     Abstention under Brillhart is appropriate when the

11 Court is asked to adjudicate a "purely state law issue."

12 Huth v. Hartford Ins. Co. of the Midwest, 298 F.3d 800,

13 804 (9th Cir. 2002).  As discussed below, Plaintiff's

14 two remaining counts are premised on COFFA and require

15 the Court to interpret that California law.  See FAC

16 ¶¶ 15, 22.  This factor therefore weighs in favor of

17 staying this Action.

18     Count I seeks a declaration that Plaintiff's use of

19 its "OrgaNOMics" trademark does not violate COFFA.  FAC

20 ¶¶ 14-16, Prayer for Relief ¶ 1.  Adjudicating this

21 claim would first require this Court to determine

22 whether the Products are "sold as organic" under COFFA,

23 action will settle all aspects of the controversy; whether the
24 declaratory action will serve a useful purpose in clarifying the
   legal relations at issue; whether the declaratory action is being
25 sought merely for the purposes of procedural fencing or to obtain
   a 'res judicata' advantage; or whether the use of a declaratory
26 action will result in entanglement between the federal and state
   court systems." Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220,
27 1225 n.5 (9th Cir. 1998).

28

meaning the Court must determine whether the term
"OrgaNOMics" is a grammatical variation of the word
"organic."  If so, the Court would next have to
determine whether the Products comply with COFFA's
requirements.  These are clearly issues of state law.
Moreover, this Court could find no California case law
applying COFFA's "grammatical variation" language to
determine whether a product is "sold as organic."
Notably, the parties disagree on what constitutes a
"grammatical variation."  Compare Pl.'s Opp'n to Mot.
for J. on Pleadings 19:14-17, ECF No. 37, with Def.'s
Reply in Supp. of Mot. for J. on Pleadings 10:21-26, ECF
No. 41.  The Court concludes that staying this Action is
appropriate so that California state courts can
determine whether Plaintiff's Products fall within
COFFA's scope and comply with its terms.  See Keown v.
Tudor Ins. Co., 621 F. Supp. 2d 1025, 1032 (D. Haw.
2008) (declining jurisdiction over declaratory judgment
claim so that state court could determine unsettled area
of state law); Gen. Star Indem. Co. v. JRK Prop.
Holdings, Inc., No. CV 21-5287-DMG (SKx), 2021 WL
6618475, at *2 (C.D. Cal. Dec. 28, 2021) (same).

Count II asks the Court to declare that COFFA
violates the First Amendment to the extent that it
prohibits Plaintiff from accurately representing that
the Products contain organic ingredients and accurately
specifying those ingredients.  Id. ¶ 22, Prayer for
Relief ¶ 2.  While Count II is a First Amendment claim,

granting Plaintiff's requested relief would require a
determination that COFFA both applies to and bars
Plaintiff's representations and advertisements.  Because
this claim requires application of state law, it does
not weigh in favor of exercising jurisdiction.  See VXI
Global Sol'ns, LLC v. Onni Times Square, LP, No. CV 16-
8562 DMG (GJSx), 2017 WL 3579877, at *4-5 (C.D. Cal.
June 16, 2017) (holding that first Brillhart factor
favored abstention where federal civil rights claim
involved questions of state law); Reed v. East End
Props., Inc., No. ED CV 17-955-DMG (KKx), 2018 WL
6131211, at *11 (C.D. Cal. Mar. 15, 2018) (same);  see
also United States v. Oregon, 503 F. App'x 525, 527-28
(9th Cir. 2013) (affirming district court's decision to
abstain from hearing a constitutional challenge to state
tax law because state court was better positioned to
fashion remedy if tax law was found unconstitutional).

    In sum, the first Brillhart factor weighs in favor
of abstention.  Plaintiff's claims require
interpretation of a novel issue of California law that,
as discussed below, is also at issue in the ongoing
parallel state court proceedings.  This factor alone
provides sufficient support for the Court to abstain.
See R.R. St., 656 F.3d at 975 (citing Huth, 298 F.3d at
802-04).  Nevertheless, the Court finds that the other
Brillhart factors weigh in favor of abstention as well.

                    ii. Forum Shopping

    "Federal courts should generally decline to

14

entertain reactive declaratory actions." <u>Dizol</u>, 133
F.3d at 1225.  A declaratory action is reactive where a
defendant sued in state court then files a declaratory
relief action in federal court in hopes of having the
state law claims brought against it heard in a
potentially more favorable federal forum.  <u>Id.</u>  However,
"[t]iming is only one consideration" in determining
whether a federal plaintiff is forum shopping.  <u>R.R.</u>
<u>St.</u>, 656 F.3d at 976.  An action may also be deemed
reactive when the federal plaintiff "anticipates that
[the federal defendant] intends to file a non-removable
state court action, and rush[es] to file a federal
action before [the federal defendant] does so" in state
court.  <u>Cont'l Cas. Co. v. Robsac Indus.</u>, 947 F.2d 1367,
1372 (9th Cir. 1991).  "Courts look to the 'sequence of
events' leading to a federal action to determine if a
party has engaged in forum shopping."  <u>Travelers Indem.</u>
<u>Co. v. Newlin</u>, No. 20cv765-GPC(DEB), 2020 WL 5517591, at
*10 (S.D. Cal. Sept. 14, 2020) (citing <u>Int'l Ass'n of</u>
<u>Entrepreneurs v. Angoff</u>, 58 F.3d 1266, 1270 (8th Cir.
1995)).

     Here, the sequence of events surrounding this
Action suggest that Plaintiff engaged in forum shopping
by filing a reactive lawsuit.  The sequence of events is
as follows: Defendant sent letters to Plaintiff and
Chewy on April 19, 2021 and September 8, 2021,
respectively, threatening to "file a lawsuit in
California to rectify . . . COFFA violations shortly."

FAC ¶¶ 10-11; FAC Exs. 1, 2.  On October 26, 2021, Plaintiff filed this Action, stating that a controversy exists based on the threatened California lawsuits.  Id. ¶ 16.  When Defendant filed the State Case six days later, Plaintiff attempted to remove that action to federal court.  See Remand Order at 1:5.  The case was then remanded to state court because Defendant lacked Article III standing to bring its claim in federal court.  Id. at 5:11-12.

These facts suggest that this Action is a reactive declaratory lawsuit.  Plaintiff's alleged basis for a controversy in the FAC shows that Plaintiff knew Defendant had asserted a claim under COFFA and intended to file suit.  FAC ¶¶ 10-11, 16; FAC Ex. 1 ("[Defendant] intends to file a lawsuit in California to rectify [the Products'] COFFA violations shortly.").  This imminent lawsuit plainly would not have been removable to federal court.[3]  Defendant's demand letters thus alerted Plaintiff that it was in danger of being named as a defendant in a non-removable state court proceeding, and Plaintiff likely filed this Action to preempt such a proceeding.  See Robsac, 947 F.2d at 1372; Newlin, 2020 WL 5517591, at *11 (finding federal action reactive when filed after receiving a demand for payment indicating a possibility of non-removable state court litigation);

---

[3] Indeed, in granting remand back to state court, the remanding court noted that Plaintiff's removal efforts there "could have resulted in the award of attorneys' fees."  Remand Order at 5 n.3.

1   Fin. Indem. Co. v. Brooks, No. 2:15-cv-06318-CAS (AGRx),

2   2016 WL 626736, at *7 (C.D. Cal. Feb. 16, 2016) (finding

3   federal action reactive where potential state action

4   would be non-removable because of a lack of diversity).

5   Thus, declining jurisdiction in this case would further

6   the goal of discouraging forum shopping.

7        While Plaintiff emphasizes the timing of each

8   lawsuit's filing in arguing that this Action is not

9   reactive, see Opp'n 24:8-26, that single consideration

10  does not outweigh the other factors pointing toward a

11  finding of forum shopping.  See Huth, 298 F.3d at 804

12  (concluding that "the fact that [the federal plaintiff]

13  won the race to the courthouse by several days" was not

14  reason enough to retain jurisdiction).  Accordingly, the

15  Court finds that this Action is reactive, and that

16  abstention would serve the policy of discouraging forum

17  shopping.

18              iii. Duplicative Litigation

19   "Ordinarily it would be uneconomical as well as

20  vexatious for a federal court to proceed in a

21  declaratory judgment suit where another suit is pending

22  in a state court presenting the same issues, not

23  governed by federal law, between the same parties."

24  Brillhart, 316 U.S. at 495.  Here, this Action and the

25  State Case involve identical issues.  Plaintiff's first

26  count asks the Court to declare that Plaintiff's use of

27  its "OrgaNOMics" mark and its sale of the Products do

28  not violate COFFA.  FAC ¶¶ 14-16, Prayer for Relief ¶ 1.

Plaintiff's second count asks the Court to declare that
COFFA violates the First Amendment as applied to
Plaintiff's representations of organic ingredients on
the Products' labels.  See id. ¶¶ 17-22, Prayer for
Relief ¶ 2.  Likewise, Defendant's complaint in the
State Case seeks to enjoin Plaintiff from continuing to
violate COFFA by selling the Products.  See State Court
Complaint ¶¶ 18-23.  The core question raised in both
actions is how COFFA applies to Plaintiff's use of its
"OrgaNOMics" mark and the word "organic" in both selling
the Products and labelling their ingredients.  The state
court is well equipped to answer this question.  Given
the broad scope of Defendant's request for injunctive
relief in the State Case, abstention will avoid
duplicative litigation of issues that will necessarily
arise in state court.  See Robsac, 947 F.2d at 1373.

Plaintiff argues that this Action and the State
Case are not duplicative because Plaintiff's Complaint
raises constitutional issues that Defendant has not
raised in its State Case.  Opp'n 25:1-9.  But abstention
is not necessarily improper simply because the federal
declaratory action raises a constitutional challenge to
a state law.  See United States v. Oregon, 503 F. App'x
at 527-28; Heat Surge, LLC v. Lee, No. C 09-572 JF
(PVT), 2009 WL 1883715, at *5 (N.D. Cal. June 30, 2009)
(finding that constitutional challenge to state law did
not prevent abstention because state court possessed
concurrent jurisdiction and constitutional claim could

be raised as a defense in state case).  Nothing appears
to preclude Plaintiff from raising its constitutional
challenge to COFFA as a defense in the State Case.  See
Brillhart, 316 U.S. at 495 (instructing district courts
to consider "the scope of the pending state court
proceeding and the nature of defenses open there"); All
One God Faith, Inc. v. Sustainable Indus. Standards,
Inc., 183 Cal. App. 4th 1186, 1205-10 (2010) (addressing
a First Amendment challenge to COFFA's application to a
form of commercial speech).  It is Plaintiff's burden to
show that state procedures will not afford an adequate
remedy for its constitutional claim.  See Pennzoil Co.
v. Texaco, Inc., 481 U.S. 1, 14-15 (1987).  Plaintiff
has not done so.  Therefore, the State Case is presumed
to provide an adequate forum for Plaintiff to raise its
constitutional challenge.  Id.

In sum, the Court concludes that abstention is
proper because all three Brillhart factors weigh in
favor of declining jurisdiction over this Action.
Abstention will also serve other factors outlined in
Dizol, such as avoidance of "entanglement between the
federal and state court systems."  133 F.3d at 1225 n.5.
The Court therefore **GRANTS** Defendant's Motion.

b.  Staying this Action Is Proper

"[D]istrict courts have substantial latitude in
deciding whether to stay or to dismiss a declaratory
judgment suit in light of pending state proceedings."
Wilton, 515 U.S. at 286.  However, "where the basis for

declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Id. at 288 n.2 (citation omitted).  The Court finds that a stay, rather than dismissal of this Action, is appropriate here so that this Action may proceed should any of its underlying issues remain after resolution of the State Case.[4]  See Md. Cas. Co. v. Witherspoon, 993 F. Supp. 2d 1178, 1186 (C.D. Cal. 2014).  The Court therefore **stays** this Action pending resolution of the State Case.

///
///
///
///
///
///
///
///
///
///
///

---

[4] In particular, a stay will preserve Plaintiff's First Amendment claim should Plaintiff wish to have that claim heard by this Court.  See England v. La. State Bd. of Med. Exam'rs, 375 U.S. 411, 421-22 (1964) (holding that a party may reserve federal claims to be heard later by an abstaining district court and need only state as much on the state record).

### III.   CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Reconsideration.  The Court **GRANTS in part** Defendant's Motion for Judgment on the Pleadings and hereby **stays** this Action until the State Case is resolved.  All dates presently set on the Court's calendar are **VACATED.**

Additionally, the parties shall file a Joint Status Report advising the Court of the status of the State Case every 90 days from the date of this Order, or within 30 days of the resolution of the State Case, whichever occurs first.  The first Joint Status Report shall be filed on **August 16, 2022.**

**IT IS SO ORDERED.**

DATED: May 18, 2022

/s/ Ronald S.W. Lew

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge